

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00414-CR

Deshawn Dawayne **GRIFFIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 63rd Judicial District Court, Kinney County, Texas
Trial Court No. 4565CR
Honorable Eugenia "Genie" Wright, Judge Presiding

Opinion By:    Lori Massey Brissette, Justice

Sitting:    Lori I. Valenzuela, Justice
            Lori Massey Brissette, Justice
            Velia J. Meza, Justice

Delivered and Filed: April 22, 2026

AFFIRMED AS MODIFIED

A Kinney County jury convicted Appellant Deshawn Dawayne Griffin of five counts of smuggling of persons by using a motor vehicle to transport an individual with the intent to conceal that individual from a peace officer, in violation of Texas Penal Code section 20.05(a)(1)(A)[1]. After Griffin pled true to the repeat offender enhancement paragraph, the jury

---

[1] The judgment signed by the trial court recites that the jury found appellant guilty of smuggling of persons but incorrectly cites the statute for this offense as Texas Penal Code section 20.05(b) (subsection on punishment).

sentenced him to fifteen years' imprisonment. On appeal, Griffin raises three issues. In his first issue, he argues that section 20.05(a)(1)(A) facially violates the First Amendment. In his second and third issues, he contends that the statute is field preempted and conflict preempted by federal law as applied to his prosecution. Because *Roberts v. State* controls the constitutional challenges presented here, we affirm the trial court's judgment, as modified.

## BACKGROUND

On October 11, 2023, Galveston County Deputy Sheriff Jeremy B. Creech was on assignment in Kinney County as part of Operation Lone Star. While patrolling U.S. Highway 90, Deputy Creech observed a white sports utility vehicle ("SUV") traveling eastbound towards Brackettville. Deputy Creech noticed the vehicle was speeding, and a registration check revealed the SUV was registered out of San Antonio and lacked insurance. Using a license plate reader system, Deputy Creech reviewed the vehicle's travel history and noted the vehicle took a route that circumvented the U.S. Border Patrol checkpoint. Deputy Creech knew that Highway 674 lacked a Border Patrol checkpoint, so when the vehicle turned onto Highway 674 Deputy Creech engaged his lights. Appellant, who was driving the SUV, pulled over and immediately five passengers "bailed out" of the vehicle. U.S. Border Patrol agents arrived on scene and assisted Deputy Creech in apprehending the passengers. Three of the passengers were apprehended, brought back to the vehicle, and identified from Mexican identification cards each provided. Two of the passengers were never located. Appellant was arrested and later indicted for five counts of smuggling of persons under Texas Penal Code section 20.05(a)(1)(A). Appellant was convicted following a jury trial and, after Appellant pled true to an enhancement, the jury assessed punishment at fifteen years imprisonment. After conviction, Appellant filed a motion for new trial. The trial court denied his motion and he timely appealed.

**STANDARDS OF REVIEW**

We review Appellant's constitutional challenges *de novo*. *See Tex. Mut. Ins. Co. v. PHI Air Med., LLC*, 610 S.W.3d 839, 846 (Tex. 2020); *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013); *State v. Flores*, 679 S.W.3d 232, 243 (Tex. App.—San Antonio 2023, pet. ref'd).

**FIRST AMENDMENT**

Appellant, in his brief, argues section 20.05(a)(1)(A) facially violates the First Amendment to the United States Constitution. From our review, the arguments in this case are substantively the same as those in *Roberts v. State*, in which this Court rejected a First Amendment facial challenge and concluded that any unconstitutional applications of section 20.05(a)(1)(A) are not substantial when compared to the constitutional ones. *Roberts v. State*, No. 04-24-00485-CR, 2026 WL 290378, at *2–4 (Tex. App.—San Antonio Feb. 4, 2026, no pet. h). Accordingly, for the reasons articulated in *Roberts*, we overrule Appellant's First Amendment facial challenge. *See id*.

**AS-APPLIED PREEMPTION**

In his second and third issues, Appellant argues that section 20.05(a)(1)(A) is field and conflict preempted by federal law as applied to his prosecution.

**A. Applicable Law**

For as-applied constitutional challenges, we must determine whether there was a constitutional violation in the application of the statute to the defendant. *See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011). This court analyzed a similar as-applied field and conflict preemption challenge to section 20.05(a)(1)(A) in *Roberts*, 2026 WL 290378, at *5–9. As such, while we will address the facts specific to Appellant's case for his as-applied challenge, the legal principles discussed in *Roberts* control our analysis here.

**B. Analysis**

Appellant argues that federal law preempts section 20.05(a)(1)(A) as applied to his case because Congress completely ousted the States from regulating in the "field of noncitizen smuggling" and because Appellant's prosecution conflicts with federal immigration laws and prosecutorial prerogatives.

As we stated in *Roberts*, "unlike the instances where courts have found state statutes to be field preempted, section 20.05(a)(1)(A) does not require prosecutors to prove a noncitizen's illegal presence in the United States." *Id*. at *7. Here, similarly, Appellant's conviction did not turn on proof of the passengers' immigration status. Instead, the evidence at trial focused on Griffin's intent to conceal the passengers from all law enforcement, including the unusual route he chose—traveling along Highway 674, which has no Border Patrol checkpoint—and the dark tinted windows on the vehicle.

The State was not required to prove the passengers' unlawful status or that Appellant knew his passengers' actual immigration status. Therefore, because Appellant was prosecuted under a neutral statute, and his conduct was criminal regardless of the passengers' immigration status, we hold that Appellant's prosecution was not as-applied field preempted. *See Id.* at *8; *Kansas v. Garcia*, 589 U.S. 191, 208–09 (2020); *State v. Flores*, 679 S.W.3d 232, 245 (Tex. App.—San Antonio 2023, pet. ref'd). *See also Gutierrez v. State*, 721 S.W.3d 639, 655 (Tex. App.—Corpus Christi–Edinburg 2025, pet. ref'd) (holding section 20.05(a)(1)(A) was not as-applied field preempted where the evidence showed Appellant "was not convicted merely because of the citizenship status of the back seat passengers, but because she intended to conceal those individuals from law enforcement").

As to conflict preemption, state anti-smuggling and harboring laws that target non-citizens may be preempted if they conflict with federal immigration law. *See Arizona v. United States*, 567 U.S. 387, 399 (2012). "With an as-applied conflict preemption challenge, the application of the law must conflict with federal law's comprehensive immigration scheme or with the federal government's discretion over immigration related prosecutions." *Roberts*, 2026 WL 290378, at *8 (citing *Flores*, 679 S.W.3d at 246–47). However, evidence from Appellant's trial does not show that his prosecution interfered with federal law or federal discretion over immigration-related prosecutions. Further, there is no evidence in the record to suggest that federal prosecutors wished to pursue federal charges against Appellant. On this record, we hold that Appellant's prosecution under section 20.05(a)(1)(A) was not preempted through conflict with federal law. *See Roberts*, 2026 WL 290378, at *8; *see also Kansas*, 589 U.S. at 211 ("the mere fact that state laws like the Kansas provisions at issue overlap to some degree with federal criminal provisions does not even begin to make a case for conflict preemption"); *Gutierrez*, 721 S.W.3d at 657 (citing *Kansas* in rejecting appellant's as-applied conflict preemption argument regarding section 20.05(a)(1)(A)).

## CLERICAL ERROR IN WRITTEN JUDGMENT

The trial court's judgment identified the "Statute for Offense" as "Sec. 20.05(b) Penal Code." Appellant, however, was charged and convicted under Texas Penal Code section 20.05(a)(1)(A). We have the authority to modify incorrect judgments when the necessary information is available. TEX. R. APP. P. 43.2(b). *See Minor v. State*, No. 07-23-00397-CR, 2025 WL 211324, at *4 (Tex. App.—Amarillo Jan. 15, 2025, no pet.) (mem. op., not designated for publication). Accordingly, we modify the judgment of conviction to state that the "Statute for Offense" is "20.05(a)(1)(A) Penal Code."

## CONCLUSION

We affirm the judgment of the trial court as modified.


Lori Massey Brissette, Justice

DO NOT PUBLISH